**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**HEATHER TSATAROS,**

      **Plaintiff,**

                                      **CASE NO.:**

vs.

**ELI LILLY AND COMPANY, a**
**Foreign Profit Corporation,**

      **Defendant.**
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff HEATHER TSATAROS ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant ELI LILLY AND COMPANY, a Foreign Profit Corporation ("Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings these claims for age and sex discrimination against Defendant for its unlawful termination of Plaintiff, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 *et seq.* ("ADEA") and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq* ("FCRA"). Plaintiff is seeking damages including back pay, front pay, liquidated damages, punitive damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including, but not limited to, equitable relief.

2. Plaintiff brings a claim for discrimination against Defendant, who subjected Plaintiff to workplace discrimination because of her age and sex.

## JURISDICTION

3. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving the ADEA. An express grant of federal court jurisdiction over this federal claims is found in the ADEA 29 U.S.C. §626. Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

4. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in and around Duval County, Florida.

5. Plaintiff is protected by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 *et seq.*

6. Plaintiff is protected by the Florida Civil Rights Act, as amended, Fla. Stat. § 760.01 *et seq.*

7. Plaintiff timely filed her Charge of Discrimination with the Florida Commission on Human Relations ("FCHR"), alleging age and sex discrimination.

8. Plaintiff received her Notice of Dismissal on Charge No. 201921200 dated March 25, 2020.

9. Plaintiff filed this Complaint within 90 days of receiving her Notice of Dismissal.

10. Plaintiff's claims are therefore timely filed.

## PARTIES

11. Plaintiff worked for Defendant as a pharmaceutical sales representative from on or about April 2001, until her termination on or about September 21, 2018.

12. At all times material to this action, Defendant, was and continues to be a Foreign For-Profit Corporation.

13. Further, at all times material to this action, Defendant was, and continues to be,

engaged in business in Florida, doing business in, among other counties, in Duval County, Florida.

14. Throughout her employment with Defendant, Plaintiff primarily worked in Defendant's territory located in and around Duval County, Florida.

15. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FCRA and ADEA.

16. At all times material to this action, Defendant was, and continues to be, "employer" within the meaning of the FCRA and ADEA.

17. Defendant is an employer as defined by ADEA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

18. Defendant is also an employer as defined by the FCRA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

## GENERAL ALLEGATIONS

19. Plaintiff was hired by Defendant as a Sales Representative on or about April 2001.

20. Defendant claims that it is a worldwide leader in cutting-edge pharmaceutical drugs.

21. While employed by Defendant Plaintiff developed relationships with customer accounts, managed territories, and generated sales by visiting, meeting and calling physicians in her area to educate them regarding Defendant's products and provide such physicians with samples.

22. Throughout Plaintiff's employment, Plaintiff kept, to the best of her knowledge, accurate records reflecting which physicians she called, visited, met with, and/or

3

provided pharmaceutical samples to and reported same to Defendant for Defendant's physician call/visit log records.

23. In January of 2017, Defendant hired a new Chief Executive Officer ("CEO"), David Ricks.

24. Immediately upon his arrival, Mr. Ricks began to publicly stress the fact that he wanted to increase the percentage of "millennial sales representatives to 40% of the overall sales force by 2020."

25. Upon information and belief, shortly after Mr. Ricks' public statements, Defendant began engaging in a pattern and/or practice of refusing to interview or hire sales representatives who were over the age of 40, gave preferential hiring/interview status only to new graduates out of college and created a group called "ECP" which stands for Early Career Professionals to cater to and support younger sales representatives.

26. No such professional groups or support groups were ever offered to sales representatives who were older, more senior and/or had many years of service with Defendant.

27. In addition, in the months and years following Mr. Ricks' initial announcement of Defendant's plan to increase the percentage of millennial sales representatives, multiple members of Defendant's leadership team would routinely boast to all of Defendant's sales representatives on company-wide "town hall meeting" conference calls about the fact that Defendant was successful in rapidly increasing the percentage of "millennial sales representatives."

28. Indeed, one of the sales representative managers in Florida stated during one of the company-wide town hall conference calls "let's face it guys we're just too old."

29. Upon information and belief, Defendant began to systematically terminate older employees due to alleged policies which were never previously enforced and/or discussed in order to accomplish the company's new vision of replacing older, female sales representatives with younger/"millennial", female sales representatives.

30. This campaign to terminate and replace older, female sales representatives in order to boost the percentages of Defendant's female, "millennial" sales representatives was disguised by Defendant in the form of abrupt investigations into the previously unenforced policies and procedures.

31. It was/is well known within the Company that all sales representatives frequently see, call and/or visit upwards of over a dozen physicians per day all around their geographically assigned territory. Throughout Plaintiff's almost 17 years of employment with the Company she always documented all such physician calls and visits honestly and to the best of her knowledge.

32. Other similarly-situated younger and/or male sales representatives throughout Florida and Georgia would frequently mis-document their physician calls and/or visits (whether intentionally or unintentionally), but unlike, Plaintiff those sales representatives were not terminated.

33. On or about September 21, 2018, Plaintiff was unexpectedly contacted via conference call from Defendant's Human Resources department.

34. During the call, Plaintiff was accused, for the first time, of logging a call with a physician when supposedly the physician was never in the office that date.

35. Plaintiff explained that she didn't recall ever doing such thing and that if she did, it was not intentional. Furthermore, Plaintiff explained that errors may occur, but that

generally speaking she kept her voluminous sales call/visit logs accurately to the best of her knowledge.

36. This struck Plaintiff as being odd as she had never had any issues with her call logs or reporting in seventeen years of her employment.

37. In addition, Plaintiff asked Human Resources for more details regarding which physician she allegedly spoke to instead and what they were talking about to try to jog her memory, but Human Resources refused to provide her with any information and simply proceeded to terminate her employment immediately without any further investigation whatsoever.

38. Upon information and belief, other similarly-situated younger and/or male sales representatives who had worse sales performance than Plaintiff were provided with the opportunity to go on performance improvement plans and/or probation and/or were awarded bonuses and/or remained eligible to earn bonuses after also being accused of similar/related policy violations.  Plaintiff, however, after seventeen years of employment was not provided with this same opportunity.

39. Upon information and belief, other similarly-situated younger and/or male sales representatives were also not disciplined by Defendant, nor were they terminated for similar alleged policy violations and/or they also had the allegations brought against them thoroughly investigated rather than being terminated within moments of being accused.  In fact, many were provided with more opportunities for advancement within the company.

40. Immediately prior to Plaintiff's termination, Defendant brought in a younger, male sales representative and had Plaintiff train him on how to best perform his duties in the

area. After Plaintiff's termination, Plaintiff was replaced by a younger, male sales representative.

## COUNT I
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–40 above.

42. Plaintiff is a member of a protected class because Plaintiff is over forty years old.

43. At all relevant times throughout her employment, Plaintiff was qualified for the position she held with Defendant.

44. After Plaintiff's termination, Plaintiff was replaced by a younger employee(s).

45. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the ADEA.

46. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

47. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, HEATHER TSATAROS, demands judgment against Defendant for back pay, an equal amount as liquidated damages, front pay, other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FCRA

48. Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

49. Plaintiff is a member of protected class because she is over forty years of age.

50. At all relevant times, Plaintiff was qualified for the position she held with Defendant.

51. After Plaintiff's termination, Plaintiff was replaced by a younger employee.

52. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the FCRA.

53. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

54. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, HEATHER TSATAROS, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

55. Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

56. Plaintiff is a member of a protected class due to her sex (female).

57. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in violation of Title VII.

58. After Plaintiff's termination she was replaced by a male sales representative.

59. Defendant knew or should have known of the discrimination.

60. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, HEATHER TSATAROS, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## DISCRIMINATION BASED ON SEX IN VIOLATION OF THE FCRA

61. Plaintiff re-alleges and adopts paragraph 1– 40 as though set forth fully herein.

62. Plaintiff is a member of a protected class due to her sex.

63. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in violation of the FCRA.

64. After her termination, Plaintiff was replaced by a male sales representative.

65. Defendant knew or should have known of the discrimination.

66. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, HEATHER TSATAROS, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: June 22, 2020                            Respectfully submitted by,

/s/ Gregory R. Schmitz
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.:  0094694
20 North Orange Avenue, 15th Floor
Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:   (407) 536-9986
E-mail: gschmitz@forthepeople.com
            mbarreiro@forthepeople.com
*Attorney for Plaintiff*